No. 19-0428, *State of West Virginia v. Jeffrey Alan Snyder.*

**ARMSTEAD, J., concurring in part and dissenting in part:**

**FILED**
**April 8, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

While the majority opinion characterizes this matter as merely a question of whether the service of a domestic violence emergency protective order (EPO) entitles an officer to enter a home and search for firearms, I believe the facts of this case are more complex. Insofar as the majority's opinion holds that the authority of a law enforcement officer to accept the surrender of firearms when serving an EPO is not equivalent to search and seizure authority pursuant to search warrants in criminal matters, I concur with such holding. Further, I concur with the majority's decision to remand this case. However, because I believe the record requires further development as to whether there was implied consent for the officers to enter the home, I dissent as to the majority's decision to reverse the April 3, 2019 conviction and sentencing order of the Circuit Court of Roane County.

The majority assumes that the circuit court's denial of Petitioner's motion to suppress the search of his home was based upon its belief that the EPO at issue was "tantamount to a general search warrant." However, while there is evidence in the record to suggest that the officers may have entertained such belief, I am not convinced such belief was the basis of the circuit court's ruling.

On October 9, 2018, the circuit court entered its order finding that the evidence obtained as a result of the execution of the search warrant would be admitted at trial. The circuit court found that "law enforcement was legally in the home of the Defendant when a strong odor of marijuana was observed and a bucket of green marijuana

1

was observed in plain view during a protective sweep of the home." This finding does not explain why the circuit court felt that law enforcement officers were "legally in the home."

While the majority appears to agree with Petitioner's argument that such finding by the circuit court was necessarily based on a belief that the EPO gave the officers the right to enter the home to seize the firearms, the plain language of the order does not reflect this. The circuit court could just as easily have based this holding on the evidence within the record that Petitioner gave the officers implied consent to enter the home. Although direct testimony about consent was not elicited from Sheriff Cole during the hearing, he testified that he was "sure" that someone told Petitioner that they were coming inside his residence. Further, there was testimony that one of the reasons that Sheriff Cole and the other officers stepped inside Petitioner's residence was because it was raining.

An exhibit was admitted during the hearing that clearly contains information from which the circuit court could have concluded Petitioner gave the officers implied consent to enter the home. In the "Affidavit and Complaint for Search Warrant," Sheriff Cole noted that he "asked to step inside of" Petitioner's residence. Evidence that Sheriff Cole requested to step inside of Petitioner's residence can also be found in the criminal complaint completed by Sheriff Cole. Despite this fact, there was no testimony during the suppression hearing that Petitioner refused to allow Sheriff Cole and the other officers to enter his residence.

It is "well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant

2

to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). As the majority concedes, consent may be implied by a defendant's conduct. "Consent to search may be implied by the circumstances surrounding the search, by the person's prior actions or agreements, or by the person's failure to object to the search. Thus, a search may be lawful even if the person giving consent does not recite the talismanic phrase: 'You have my permission to search.'" Syl. Pt. 1, *State v. Flippo,* 212 W. Va. 560, 575 S.E.2d 170 (2002). Further, "[i]n cases where a defendant's response to a request for permission to search is ambiguous, courts have generally relied upon the defendant's failure to protest the search in finding consent." *United States v. Barrington*, 210 F.Supp.2d 773, 778 (E.D.Va.2002).

Clearly, the circuit court had before it evidence from which it could have concluded that Sheriff Cole asked Petitioner to step inside of Petitioner's residence and Petitioner gave the Sheriff implied consent to enter the home consistent with the standard set forth in *Flippo*. Accordingly, the circuit court's conclusion that "law enforcement was legally in the home of the Defendant when a strong odor of marijuana was observed and a bucket of green marijuana was observed in plain view during a protective sweep of the home" could certainly have been based on the belief that Petitioner consented to Sheriff Cole and the officers entering his home. Therefore, I believe this matter should be remanded to the circuit court to make sufficient factual findings and conclusions of law as to why the circuit court found that "law enforcement was legally in the home."

For these reasons, I respectfully concur in part and dissent in part.